EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 09/15/2021 10:08 PM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Castillejo, Deputy Clerk
21STCV34121
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Serena Murillo

Ilan N. Rosen Janfaza (State Bar No. 298078)
Law Offices of Ilan N. Rosen Janfaza
9025 Wilshire Blvd., Suite 304
Beverly Hills, CA 90211
Telephone: (310) 550-6000
Facsimile: (310) 861-9000
Email: ilan@hotelinjurylaw.com

Attorneys for Plaintiff
MAURISE PHILLIPS

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MAURISE PHILLIPS,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.; BRITISH AIRWAYS PLC; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 21STCV34121<br><br>Unlimited Jurisdiction<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Battery<br>2. Negligence<br>3. Intentional Infliction of Emotional Distress<br>4. Fraudulent Concealment<br>5. Private Nuisance<br>6. Public Nuisance<br>7. Breach of Contract<br><br>**(Demand for Jury Trial)** |

Plaintiff, MAURISE PHILLIPS, complains of and alleges as follows:

### I. INTRODUCTION

1. This action arises out of personal injury and monetary damages sustained by Plaintiff as a result of bedbug bites during Plaintiff's flight on a commercial airplane owned and operated by Defendants in Los Angeles, California.

2. Plaintiff, MAURISE PHILLIPS (hereinafter, "Mr. Phillips," or "Plaintiff") brings this action against Defendants, AMERICAN AIRLINES, INC.; BRITISH AIRWAYS PLC; and DOES 1 through 20, inclusive (collectively, "Defendants").

### II. PARTIES

3. At all times mentioned herein, Plaintiff is a resident of the State of California.

-1-
COMPLAINT FOR DAMAGES

4. At all times mentioned herein, Plaintiff is informed, believes, and thereon alleges that Defendant, AMERICAN AIRLINES, INC., a Delaware corporation with its principal place of business in Fort Worth, Texas, owns, operates, and does business as AMERICAN AIRLINES, (hereinafter, referred to as "American Airlines" or the "airline"), located at 1 Skyview Drive, Fort Worth, TX 76155.

5. At all times mentioned herein, Plaintiff is informed, believes, and thereon alleges that Defendant, BRITISH AIRWAYS PLC, a United Kingdom corporation with its principal place of business in London, United Kingdom, owns, operates, and does business as BRITISH AIRWAYS, (hereinafter, referred to as "British Airways"), located at Waterside, 365 Speedbird Way, London, United Kingdom.

6. Plaintiff is ignorant of the true identity and capacity of Defendants designated as DOES 1 through 20, but will amend the Complaint when their identities have been ascertained according to proof at the time of trial. Plaintiff alleges on information and belief that each and every DOE Defendant is in some manner responsible for the acts and conduct of other Defendants, and were and are, responsible for the injuries, damages and harm incurred by Plaintiff.

7. Plaintiff is informed, believe and thereon allege, that at all times relevant during the liability period, that Defendants, and each of them, including without limitation those Defendants herein sued as DOES, were acting in concert or participating with each other, or were joint participants and collaborators in the acts complained of, and were the agents or employees of others in doing the acts complained of herein, each and all of them acting within the course and scope of said agency and/or employment by others, each and all of them acting in concert with the other and all together.

### III. VENUE AND JURISDICTION

8. Venue is proper in this Court because the injuries alleged in this Complaint occurred within the County of Los Angeles.

9. This Court has unlimited jurisdiction over the parties named in this Complaint as the amount in controversy exceeds $25,000. Defendants are subject to the personal jurisdiction of this Court.

## IV. FACTS AND ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. According to the Centers for Disease Control and Prevention (the "CDC"), *Cimex lectularius*, more commonly known as "bed bugs," are "small, flat, parasitic insects that feed solely on the blood of people and animals while they sleep." They are "found across the globe from North and South America, to Africa, Asia and Europe. Although the presence of bed bugs has traditionally been seen as a problem in developing countries, it has recently been spreading rapidly to parts of the United States, Canada, the United Kingdom, and other parts of Europe. Bed bugs have been found in five-star hotels and resorts and their presence is not determined by the cleanliness of the living conditions where they are found." (*See* www.cdc.gov/parasites/bedbugs/ accessed September 1, 2021).

11. According to the CDC, "one of the easiest ways to identify a bed bug infestation is by the tell-tale bite marks on the face, neck, arms, hands, or any other body parts while sleeping." Additionally, "because bed bug bites affect everyone differently, some people may have no reaction and will not develop bite marks or any other visible signs of being bitten. Other people may be allergic to the bed bugs and can react adversely to the bites. These allergic symptoms can include enlarged bite marks, painful swellings at the bite site, and, on rare occasions, anaphylaxis." (*See* www.cdc.gov/parasites/bedbugs/faqs.html accessed September 1, 2021).

12. It is also known that bedbugs are able to travel between rooms [see https://www.health.ny.gov/environmental/pests/bedbugs.htm, accessed September 1, 2021], requiring thorough inspection and treatment of adjacent rooms when bedbug activity is found in particular areas.

13. On or about September 16, 2019, Plaintiff, Mr. Phillips, checked in at the Los Angeles International Airport in Los Angeles, CA, to make his 1:00 p.m. flight with American Airlines. His flight was scheduled to land at the McCarran International Airport in Las Vegas, NV, at 2:15 p.m. that day. Upon landing at McCarran International Airport, Mr. Phillips remained inside of the airplane as he only had a 15-minute layover. After 15 minutes past, Mr. Phillips' plane left for Gatwick Airport, in Crawley, West Sussex, England.

14. After some time, Mr. Phillips began feeling severely itchy. However, he originally

1 thought that he may have been having an allergic reaction due to the detergent used on the blankets the airline provided.

15. When Mr. Phillips' plane landed at Gatwick Airport, Plaintiff realized he had received numerous bite marks across his body, including on his arm, neck, and torso. The bites appeared to be in a trail formation, which is a characteristic trait of being bitten by bedbugs.

16. On or about September 17, 2019, after reaching his final destination, Mr. Phillips sought medical treatment by a doctor at Boots Pharmacy, where he was diagnosed with having been bitten by bedbugs and was prescribed medication for his injuries.

17. Throughout his trip, Mr. Phillips experienced extreme itchiness. Mr. Phillips had experienced bedbug bites once before when he was 12 years old, so he recognized the sensation of how bedbugs felt.

18. On or about September 23, 2019, Mr. Phillips landed back in the United States.

19. On or about September 24, 2019, Mr. Phillips notified American Airlines regarding the incident. However, he was not provided compensation for his injuries.

20. Due to the extensiveness of the bedbug bites and the constant itching and pain he was experiencing from them, Mr. Phillips decided to seek further medical attention. Mr. Phillips still has physical scarring on his body and emotional scarring as a result of the bedbug bites.

21. As a result of the incident, Plaintiff incurred various expenses, including medical costs, the cost of the airline ticket, the replacement cost of luggage and clothing, along with other belongings exposed to the infestation on the flight, and other costs.

22. Defendants, and DOES 1 through 20, deliberately and recklessly chose not to inspect or otherwise ensure that Plaintiff's seat was free of *Cimex lectularius* ("bedbugs") immediately before Plaintiff's flight on the flight, willfully disregarding knowledge of the prior bedbug infestation known to Defendants, and DOES 1 through 20.

23. Defendants, and DOES 1 through 20, failed to eradicate a prior bedbug infestation of Plaintiff's seat and did not ensure that Plaintiff's seat was free from bedbugs before renting it to Plaintiff, despite knowledge of prior infestations.

24. Although Defendants, and DOES 1 through 20, had prior knowledge of bedbug

-4-
**COMPLAINT FOR DAMAGES**

infestations in their plane, Defendants, and DOES 1 through 20, failed to eradicate such infestations, including an infestation in the seat that Plaintiff was provided.

25. Defendants, and DOES 1 through 20, deliberately chose not to notify, or otherwise failed to notify Plaintiff, of the presence of *Cimex lectularius* in Plaintiff's seat.

26. Defendants, and DOES 1 through 20, knew that their plane had a prior bedbug infestation. Defendants, and DOES 1 through 20, deliberately and recklessly chose to turn a blind eye to this infestation and previous guest complaints. Management did not place adequate safeguards to protect clients from an ongoing bedbug exposure. Instead of making a change to management to protect clients from inadequate oversight, Defendants, and DOES 1 through 20, has kept management in place.

27. Defendants, and DOES 1 through 20, authorized or ratified staff to either not change the cloth on the seats on a regular basis or to not inspect and ensure that the seats are free from a *Cimex lectularius* ("bedbug") infestation in Plaintiff's seat prior to Plaintiff's arrival.

28. Defendants', and DOES 1 through 20, actions before, during, and after Plaintiff's injury, including the airline's routine practice of authorizing staff to not change the cloth on the seats regularly or to not properly inspect and ensure that such the seats are free from bedbugs prior to a guest's arrival, show that Defendants, and DOES 1 through 20, have a pattern and culture of extreme indifference and reckless disregard for the value of human life and the rights of their guests.

29. As part of Defendants', and DOES 1 through 20, pattern and culture of extreme indifference, the airline management did not implement adequate policies and procedures to sufficiently train employees of the airline to inspect the planes for bedbug infestations and to protect airline guests from exposure to bedbug infestations prior to Plaintiff's flight. Management, who oversaw these infestations, has not been replaced by Defendants, and DOES 1 through 20, nor has management changed any procedures to safeguard their guests against bedbug infestations.

30. Defendants, and DOES 1 through 20, authorized or ratified the conduct of the airline employees by: (1) not terminating such employees responsible for Plaintiff's injuries; (2)

-5-
**COMPLAINT FOR DAMAGES**

not training or retraining such employees regarding *Cimex lectularius* ("bedbug") infestations; (3) turning a blind eye to previous complaints and not terminating management who has inadequately protected guests against bedbug infestations on the subject plane; (4) allowing and tolerating a common practice and culture of extreme indifference by employees who do not change the seats regularly or who do not properly inspect and ensure that the seats are free from bedbug infestations; (5) not implementing adequate policies and procedures prior to Plaintiff's injuries to prevent *Cimex lectularius* infestations; and (6) not implementing any new policies and procedures after Plaintiff's injuries to prevent any further *Cimex lectularius* infestations.

31. At no time, either prior to or subsequent to Plaintiff's flight with American Airlines, has Plaintiff observed bedbugs in Plaintiff's own residence or experienced bites from bedbugs in Plaintiff's own residence.

32. Defendants, and DOES 1 through 20, rented the seat to Plaintiff despite having knowledge, as of September 15, 2019, that there was a bedbug infestation present in the plane and specifically, Plaintiff's seat. Defendants, and DOES 1 through 20, concealed this bedbug infestation and deliberately chose not to notify, or otherwise failed to notify Plaintiff of the presence of *Cimex lectularius* ("bedbugs") in Plaintiff's seat upon Plaintiff's arrival.

33. An officer, director, or managing agent of Defendants, and DOES 1 through 20, authorized or ratified the fraudulent conduct of the airline employees by failing to remedy prior bedbug infestations and deliberately concealing the fact of their presence in the plane.

34. Plaintiff has suffered and continue to suffer physical injuries (including, but not limited to, bedbug bites, itching, and permanent scarring) and emotional injuries (including, but not limited to, severe embarrassment, annoyance, discomfort, pain, apprehension, tension, anxiety, and emotional distress) as a direct result of Plaintiff's flight with American Airlines.

## V. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

**By Plaintiff Against All Defendants, and Does 1-20, Inclusive**

**(Battery)**

35. Plaintiff re-alleges and incorporates by reference the allegations contained in the

-6-

**COMPLAINT FOR DAMAGES**

preceding paragraphs of the Complaint as though fully set forth herein.

36. During Plaintiff's flight, Defendants, and DOES 1 through 20, intentionally and recklessly did acts that were unconsented to by Plaintiff and therefore resulted in offensive contact with his person, including but not limited to: (1) Defendants', and DOES 1 through 20, deliberate choice not to eradicate a *Cimex lectularius* infestation in the plane; (2) Defendants', and DOES 1 through 20, deliberate choice not to inspect or ensure that Plaintiff's seat, was free of *Cimex lectularius* immediately before Plaintiff's flight on the flight; (3) Defendants', and DOES 1 through 20, deliberate and reckless choice not to inspect seats to protect against and prevent a *Cimex lectularius* infestation; (4) Defendants', and DOES 1 through 20, willful disregard of a *Cimex lectularius* infestation that was either known or should have been known from prior infestations in Plaintiff's seat; (5) Defendants' deliberate and reckless choice not to notify Plaintiff of the presence of *Cimex lectularius* in the plane and, specifically, Plaintiff's seat.

37. Defendants, and DOES 1 through 20, did the aforementioned acts with the intent to cause a harmful or offensive contact with the body of Plaintiff, or with a reckless disregard of the probability of causing such offensive contact.

38. Defendants, and DOES 1 through 20, authorized or ratified the conduct of the airline employees by: (1) not terminating such employees responsible for Plaintiff's injuries; (2) not training or retraining such employees regarding *Cimex lectularius* ("bedbug") infestations; (3) turning a blind eye to previous complaints and not terminating management who has inadequately protected guests against bedbug infestations on the subject plane; (4) allowing and tolerating a common practice and culture of extreme indifference by employees who do not change the seats regularly or who do not properly inspect and ensure that the seats are free from bedbug infestations; (5) not implementing adequate policies and procedures prior to Plaintiff's injuries to prevent *Cimex lectularius* infestations; and (6) not implementing any new policies and procedures after Plaintiff's injuries to prevent any further *Cimex lectularius* infestations.

39. As a direct, legal and proximate result of the actions of Defendants, and DOES 1 through 20, Plaintiff sustained serious injuries to Plaintiff's person, all to Plaintiff's damage in an amount to be shown according to proof and within the jurisdiction of the Court.

40. As a direct, legal and proximate result of the aforesaid acts of Defendants, and DOES 1 through 20, Plaintiff was compelled to and did employ the services of hospitals, physicians and surgeons, nurses, and the like, to care for and treat Plaintiff's injuries, and did incur hospital, medical, professional and incidental expenses, and Plaintiff is informed and believes, and upon such information and belief alleges, that he will necessarily by reason of his injuries, incur additional like expenses for an indefinite period of time in the future, all to Plaintiff's damage in a sum to be shown according to proof.

41. Plaintiff is informed and believes, and thereon alleges, that the aforesaid conduct of Defendants, and DOES 1 through 20, was carried out with a willful and conscious disregard of Plaintiff's right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to California Civil Code Section 3294, and that an officer, director, or managing agent of Defendants, and DOES 1 through 20, authorized or ratified the wrongful acts of the employees of Defendants, and DOES 1 through 20, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendants, and DOES 1 through 20.

### SECOND CAUSE OF ACTION

**By Plaintiff Against All Defendants, and Does 1-20, Inclusive**

**(Negligence)**

42. Plaintiff re-alleges and incorporate by reference the allegations contained in the preceding paragraphs of the Complaint as though fully set forth herein.

43. At all times relevant hereto, as owners, operators, and managers of the airline, the Defendants, and DOES 1 through 20, owed Plaintiff the duty to exercise reasonable care in the operation and maintenance of the airline. This duty includes, but is not limited to: the duty of Defendants, and DOES 1 through 20, to maintain the plane in a safe and habitable condition and to keep it free from insect infestations, namely infestations of *Cimex lectularius*, for the entire duration of Plaintiff's flight.

44. Defendants, and DOES 1 through 20, breached their above duties when they, among other things:

(1) allowed an infestation of *Cimex lectularius* to become established in

-8-
**COMPLAINT FOR DAMAGES**

Plaintiff's seat of the plane, and nonetheless still rented it to Plaintiff;

(2) failed to eradicate a prior (or ongoing) bedbug infestation in Plaintiff's seat;

(3) chose not to inspect and did not ensure that Plaintiff's seat was free from bedbugs before renting it to Plaintiff, despite knowledge of a prior infestation in the plane and specifically, Plaintiff's seat;

(4) failed to require staff to inspect the seats regularly or inspect and ensure that the seats are free from bedbug infestations; and

(5) failed to properly notify Plaintiff of the presence of *Cimex lectularius* upon his arrival.

45. The acts by Defendants, and DOES 1 through 20, as enumerated in the paragraph above, want of even scant care, and represent an extreme departure from the ordinary standard of conduct for airlines, thereby rising to the level of gross negligence.

46. Defendants, and DOES 1 through 20, knew, or should have known, that such acts would result in the high probability and likelihood that Plaintiff would be bitten by bedbugs and that harm would result to Plaintiff.

47. As a direct and proximate result of these breaches of duty by Defendants, and DOES 1 through 20, Plaintiff suffered bedbug bites, and continues to suffer physical and psychological injury.

48. Defendants, and DOES 1 through 20, have a statutory duty under California Health & Safety Code Section 17920.3 to ensure that in their plane there does not exist inadequate sanitation "that endangers the life, limb, health, property, safety, or welfare of the public or the occupants thereof." Section 17920.3(a)(12) specifically defines inadequate sanitation to include "infestation of insects, vermin, or rodents" as determined by a health officer or code enforcement officer. California Health & Safety Code Section 17920.3 states: "Any building or portion thereof including any dwelling unit, guestroom or suite of rooms, or the premises on which the same is located, in which there exists any of the following listed conditions to an extent that endangers the life, limb, health, property, safety, or welfare of the public or the occupants thereof shall be deemed and hereby is declared to be a substandard building: (a) Inadequate sanitation

shall include, but not be limited to, the following: …(12) Infestation of insects, vermin, or rodents as determined by a health officer or, if an agreement does not exist with an agency that has a health officer, the infestation can be determined by a code enforcement officer, as defined in Section 829.5 of the Penal Code, upon successful completion of a course of study in the appropriate subject matter as determined by the local jurisdiction."

49. Additionally, Title 25, Chapter 1, Subchapter 1, § 40 of California State Housing Law states, in part: "In every apartment house or hotel, every part of every bed, including the mattress, sheets, blankets, and bedding shall be kept in a clean, dry sanitary condition, free from filth, urine, or other foul matter, and from the infection of lice, bedbugs or other insects."

50. Defendants, and DOES 1 through 20, violated the above laws, which protect occupants of planes, when they: (1) allowed an infestation of *Cimex lectularius* to become established in Plaintiff's seat of the plane; and (2) did not ensure that Plaintiff's seat was free from bedbugs. Accordingly, Defendants', and DOES 1 through 20, actions were negligent as a matter of law.

51. The injuries suffered by Plaintiff in this case were occurrences the nature of which the state statutes and regulations were designed to prevent and Plaintiff is within the class of persons whom such statutes and regulations are intended to protect.

52. At all times relevant hereto, Defendants, and DOES 1 through 20, owed a duty to Plaintiff to act reasonably so as not to cause Plaintiff to suffer unreasonable mental suffering. Said Defendants, and DOES 1 through 20, breached this duty by causing foreseeable and unreasonable distress to Plaintiff.

53. As a direct and proximate result of Defendants', and DOES 1 through 20, herein alleged conduct, Plaintiff suffered and continues to suffer extreme and severe embarrassment, annoyance, discomfort, pain, apprehension, tension, anxiety, and emotional distress.

54. Defendants, and DOES 1 through 20, authorized or ratified the conduct of the airline employees by: (1) not terminating such employees responsible for Plaintiff's injuries; (2) not training or retraining such employees regarding *Cimex lectularius* ("bedbug") infestations; (3) turning a blind eye to previous complaints and not terminating management who has inadequately

protected guests against bedbug infestations on the subject plane; (4) allowing and tolerating a common practice and culture of extreme indifference by employees who do not properly inspect and ensure that the seats are free from bedbug infestations; (5) not implementing adequate policies and procedures prior to Plaintiff's injuries to prevent *Cimex lectularius* infestations; and (6) not implementing any new policies and procedures after Plaintiff's injuries to prevent any further *Cimex lectularius* infestations.

55. As a direct and proximate result of these breaches of duty by Defendants', and DOES 1 through 20, Plaintiff continues to suffer physical and psychological injury, and suffered medical expenses for his physical and psychological injuries specifically alleged above, loss of and damage to personal property, and other expenses, all to Plaintiff's damage in an amount to be shown according to proof and within the jurisdiction of the Court.

56. As a direct, legal and proximate result of these breaches of duty by Defendants, and DOES 1 through 20, Plaintiff was compelled to and did employ the services of hospitals, physicians and surgeons, nurses, and the like, to care for and treat Plaintiff's injuries, and did incur hospital, medical, professional and incidental expenses, and Plaintiff is informed and believes, and thereon alleges, that he will necessarily by reason of his injuries, incur additional like expenses for an indefinite period of time in the future, all to Plaintiff's damage in a sum to be shown according to proof.

57. Plaintiff is informed and believes, and thereon alleges, that the aforesaid conduct of Defendants, and DOES 1 through 20, was carried out with a willful and conscious disregard of Plaintiff's right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to California Civil Code Section 3294, and that an officer, director, or managing agent of Defendants, and DOES 1 through 20, authorized or ratified the wrongful acts of the employees of Defendants, and DOES 1 through 20, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendants, and DOES 1 through 20.

//
//
//

-11-
**COMPLAINT FOR DAMAGES**

## THIRD CAUSE OF ACTION

### By Plaintiff Against All Defendants, and Does 1-20, Inclusive

### (Intentional Infliction of Emotional Distress)

58. Plaintiff re-alleges and incorporate by reference the allegations contained in the preceding paragraphs of the Complaint as though fully set forth herein.

59. The actions of Defendants, and DOES 1 through 20, were intentional, extreme, and outrageous—namely, because of the following egregious and reckless conduct: (1) Defendants', and DOES 1 through 20, willful disregard of a *Cimex lectularius* infestation that was either known or should have been known from prior infestations in the plane and Plaintiff's seat; (2) Defendants', and DOES 1 through 20, deliberate and reckless choice to abstain from notifying Plaintiff of a known presence of *Cimex lectularius* in Plaintiff's seat, prior to Plaintiff's arrival; (3) Defendants', and DOES 1 through 20, deliberate choice not to eradicate a bedbug infestation in Plaintiff's seat, which was already known to Defendants, and DOES 1 through 20; (4) Defendants', and DOES 1 through 20, deliberate and reckless choice not to inspect and ensure that the seats are free from a *Cimex lectularius* infestation immediately prior to Plaintiff's flight; (5) Defendants', and DOES 1 through 20, deliberate and reckless choice not to inspect or ensure that Plaintiff's seat was free of *Cimex lectularius* immediately prior to Plaintiff's flight, willfully disregarding knowledge of the prior bedbug infestation in Plaintiff's seat; (6) Defendants', and DOES 1 through 20, routine practice of showing extreme indifference to the danger of bedbug infestations; (7) Defendants', and DOES 1 through 20, failure to have adequate policies and procedures to properly train employees of the airline to inspect rooms for bedbug infestations and to adequately protect airline guests from an exposure to bedbug infestations; and (8) Defendants', and DOES 1 through 20, failure to implement any new policies and procedures after Plaintiff's injuries to prevent any further *Cimex lectularius* infestations in this plane, which again exemplifies their extreme indifference to the rights of their guests and the value of the human life.

60. Defendants', and DOES 1 through 20, actions were done with the intent to cause serious emotional distress or with reckless disregard of the probability of causing Plaintiff serious emotional distress.

-12-
**COMPLAINT FOR DAMAGES**

61. Defendants, and DOES 1 through 20, authorized or ratified the conduct of the airline employees by: (1) not terminating such employees responsible for Plaintiff's injuries; (2) not training or retraining such employees regarding *Cimex lectularius* ("bedbug") infestations; (3) turning a blind eye to previous complaints and not terminating management who has inadequately protected guests against bedbug infestations on the subject plane; (4) allowing and tolerating a common practice and culture of extreme indifference by employees who do not properly inspect and ensure that the seats are free from bedbug infestations; (5) not implementing adequate policies and procedures prior to Plaintiff's injuries to prevent *Cimex lectularius* infestations; and (6) not implementing any new policies and procedures after Plaintiff's injuries to prevent any further *Cimex lectularius* infestations.

62. As a direct, legal and proximate result of the actions of Defendants, and DOES 1 through 20, Plaintiff suffered severe emotional distress that has caused Plaintiff to sustain severe, serious and permanent injuries to his person, all to Plaintiff's damage in a sum to be shown according to proof and within the jurisdiction of the Superior Court.

63. As a direct, legal and proximate result of the aforesaid actions of Defendants, and DOES 1 through 20, Plaintiff was compelled to and did employ the services of hospitals, physicians and surgeons, nurses, and the like, to care for and treat his injuries, and did incur hospital, medical, professional and incidental expenses, and Plaintiff is informed and believes, and upon such information and belief allege, that he will necessarily by reason of his injuries, incur additional like expenses for an indefinite period of time in the future, all to Plaintiff's damage in a sum to be shown according to proof.

64. Plaintiff is informed and believes, and thereon alleges, that the aforesaid conduct of Defendants, and DOES 1 through 20, was carried out with a willful and conscious disregard of Plaintiff's right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to California Civil Code Section 3294, and that an officer, director, or managing agent of Defendants, and DOES 1 through 20, authorized or ratified the wrongful acts of the employees of Defendants, and DOES 1 through 20, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendants, and DOES 1 through 20.

## FOURTH CAUSE OF ACTION

### By Plaintiff Against All Defendants, and Does 1-20, Inclusive

### (Fraudulent Concealment)

65. Plaintiff re-alleges and incorporate by reference the allegations contained in the preceding paragraphs of the Complaint as though fully set forth herein.

66. At all times relevant hereto, Defendants, and DOES 1 through 20, through their employees and agents, were aware of substandard health conditions in the plane with the existence of insects, specifically a *Cimex lectularius* infestation present in the seat Defendants, and DOES 1 through 20, assigned to Plaintiff, and which therefore posed a danger to Plaintiff's physical health and well-being.

67. Defendants', and DOES 1 through 20, knowledge of the plane's infestation problem, which was specifically in Plaintiff's seat, is reflective of the pattern and culture of extreme indifference and reckless disregard for the value of human life and prevention of such infestations on the flight.

68. At all times relevant hereto, Plaintiff placed his trust and confidence in the Defendants, and DOES 1 through 20, that he would not be assigned a room that posed a danger to his physical health and well-being. In fact, Plaintiff thought he would be placed in a safe and clean seat as reasonable persons would expect that seats in a plane are clean. This placed Defendants, and DOES 1 through 20, in a position of influence over Plaintiff.

69. Defendants, and DOES 1 through 20, and his employees and agents intentionally failed to disclose the material fact of the *Cimex lectularius* infestation, a fact known to the Defendants, and DOES 1 through 20, and which Defendants, and DOES 1 through 20, knew Plaintiff would not discover on his own prior to boarding the flight.

70. Plaintiff did not know, and did not have any way of knowing, of the concealed fact of the bedbug infestation prior to boarding the flight.

71. Defendants, and DOES 1 through 20, intended to deceive Plaintiff and take advantage of Plaintiff's lack of knowledge of the infestation in order to turn a profit on a night's stay on the flight, and intended to deceive Plaintiff by concealing the fact of the *Cimex lectularius*

-14-

COMPLAINT FOR DAMAGES

infestation.

72. Plaintiff reasonably relied on Defendants', and DOES 1 through 20, deception.

73. Plaintiff was harmed in the form of severe physical and emotional injuries.

74. Defendants', and DOES 1 through 20, concealment was a substantial factor in causing such harm.

75. Defendants, and DOES 1 through 20, authorized or ratified the conduct of the airline employees by: (1) not terminating such employees responsible for Plaintiff's injuries; (2) not training or retraining such employees regarding *Cimex lectularius* ("bedbug") infestations; (3) turning a blind eye to previous complaints and not terminating management who has inadequately protected guests against bedbug infestations on the subject plane; (4) allowing and tolerating a common practice and culture of extreme indifference by employees who do not properly inspect and ensure that the seats are free from bedbug infestations; (5) not implementing adequate policies and procedures prior to Plaintiff's injuries to prevent *Cimex lectularius* infestations; and (6) not implementing any new policies and procedures after Plaintiff's injuries to prevent any further *Cimex lectularius* infestations.

76. As a direct and proximate result of these breaches of duty by Defendants', and DOES 1 through 20, Plaintiff continues to suffer physical and psychological injury, and suffered medical expenses for his physical and psychological injuries specifically alleged above, loss of and damage to personal property, and other expenses, all to Plaintiff's damage in an amount to be shown according to proof and within the jurisdiction of the Court.

77. As a direct, legal and proximate result of these breaches of duty by Defendants, and DOES 1 through 20, Plaintiff was compelled to and did employ the services of hospitals, physicians and surgeons, nurses, and the like, to care for and treat Plaintiff's injuries, and did incur hospital, medical, professional and incidental expenses, and Plaintiff is informed and believes, and thereon alleges, that he will necessarily by reason of his injuries, incur additional like expenses for an indefinite period of time in the future, all to Plaintiff's damage in a sum to be shown according to proof.

78. Plaintiff is informed and believes, and thereon alleges, that the aforesaid conduct of

Defendants, and DOES 1 through 20, was carried out with a willful and conscious disregard of Plaintiff's right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to California Civil Code Section 3294, and that an officer, director, or managing agent of Defendants, and DOES 1 through 20, authorized or ratified the wrongful acts of the employees of Defendants, and DOES 1 through 20, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendants, and DOES 1 through 20.

## FIFTH CAUSE OF ACTION

### By Plaintiff Against All Defendants, and Does 1-20, Inclusive

### (Private Nuisance)

79. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as though fully set forth herein.

80. Pursuant to Civil Code Section 3501, Plaintiff brings this civil action for private nuisance.

81. The *Cimex lectularius* infestation that Defendants, and DOES 1 through 20, negligently and intentionally caused to exist in Defendants', and DOES 1 through 20, plane, and specifically Plaintiff's seat, constitutes a nuisance within, but not limited to the meaning of Civil Code Section 3479 and California Health & Safety Code Section 17920.3, in that said infestation was injurious to the health and safety of Plaintiff, indecent and offensive to the senses of Plaintiff, and interfered substantially with Plaintiff's use and comfortable enjoyment of Plaintiff's flight.

82. Such nuisance has caused, and will continue to cause in the future, Plaintiff to suffer general and special damages.

83. Defendants, and DOES 1 through 20, failed to adequately abate the nuisance as required by law. As a direct and proximate result thereof, Plaintiff sustained general damages, special damages, and property damage in amounts to be determined at trial.

## SIXTH CAUSE OF ACTION

### By Plaintiff Against All Defendants, and Does 1-20, Inclusive

### (Public Nuisance)

84. Plaintiff re-alleges and incorporates by reference the allegations contained in the

-16-

preceding paragraphs of the Complaint as though fully set forth herein.

85. Pursuant to Civil Code Section 3501, Plaintiff brings this civil action for public nuisance.

86. The *Cimex lectularius* infestation that Defendants, and DOES 1 through 20, negligently and intentionally caused to exist in this plane constitutes a nuisance within, but not limited to the meaning of Civil Code Section 3479 and California Health & Safety Code Section 17920.3, in that said infestation was injurious to the health and safety of Plaintiff, indecent and offensive to the senses of Plaintiff, and interfered substantially with Plaintiff's comfortable enjoyment of the plane as a whole.

87. This *Cimex lectularius* infestation affects the community at large.

88. Plaintiffs' use and enjoyment of their seat was greatly affected, which is separate from the harm suffered by the general public.

89. Such nuisance has caused, and will continue to cause in the future, Plaintiff to suffer general and special damages.

90. Defendants, and DOES 1 through 20, failed to adequately abate the nuisance as required by law. As a direct and proximate result thereof, Plaintiff has sustained general damages, special damages, and property damage in amounts to be determined at trial.

## SEVENTH CAUSE OF ACTION

**By Plaintiff Against All Defendants, and Does 1 Through 20, Inclusive**

**(Breach of Contract)**

91. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as though fully set forth herein.

92. Plaintiff and Defendants, and DOES 1 through 20, entered into a written contract for the purchase of Plaintiff's airline ticket in compliance with California Health & Safety Code on the flight.

93. Plaintiff did all of the significant things that the contract required Plaintiff to do, most notably, payment of the price for Plaintiff's airline ticket.

94. All conditions required by the contract for Defendants' and DOES 1 through 20

-17-

performance had occurred.

95. Defendants, and DOES 1 through 20, breached the contract by failing to provide Plaintiff a habitable seat, as evident by the presence of a bedbug infestation in Plaintiff's seat.

96. As a direct and proximate result of Defendants' and DOES 1 through 20 breach of the contract, Plaintiff suffered general and special damages, and other amounts to be determined at trial.

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, and DOES 1 through 20, and each of them, on all causes of action as follows:

1. For general and specific damages in an amount to be determined at trial;
2. For punitive damages in an amount to be determined at trial;
3. For costs of this action, including attorneys' fees;
4. For prejudgment interest at the legal rate according to proof;
5. For such other and further relief as the Court deems just and proper.

Dated: September 15, 2021

Respectfully submitted,
LAW OFFICES OF ILAN N. ROSEN JANFAZA, A.P.C.

By: _____
Ilan N. Rosen Janfaza, Esq.
Attorneys for Plaintiff
MAURISE PHILLIPS