**WORTHE HANSON & WORTHE**
A Law Corporation
TODD C. WORTHE, SBN 177452
1851 East First Street, Suite 860
Santa Ana, California 92705
Telephone (714) 285-9600
Facsimile (714) 285-9700
E-Mail: tworthe@whwlawcorp.com

Attorneys for Defendant, AMERICAN AIRLINES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURISE PHILLIPS,<br><br>                    Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC., BRITISH AIRWAYS, PLC, and Does 1 through 20, Inclusive.<br><br>                    Defendants. | ) CASE NO: 2:22-cv-03129-SSS (JPRx)<br>)<br>)<br>) **NOTICE OF MOTION AND**<br>) **MOTION FOR SUMMARY**<br>) **JUDGMENT ON BEHALF**<br>) **OF AMERICAN AIRLINES,**<br>) **INC.; MEMORANDUM OF**<br>) **POINTS AND**<br>) **AUTHORITIES**<br>)<br>) **RESERVED DATE:**<br>) **11/17/2023**<br>) **TIME: 2:00 p.m.**<br>) **COURTROOM: 2**<br>) |

## TO THE ABOVE-ENTITLED COURT, THE PARTIES HEREIN AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on November 10, 2023, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 2 of the United States District Court, Central District of California, Defendant and Moving Party AMERICAN AIRLINES, INC. ("American") will and hereby does move this Court, pursuant to *Federal Rules of Civil Procedure, Rule* 56(b) for entry of Summary Judgment in its favor and against Plaintiff, MAURISE PHILLIPS ("Mr. Phillips"

or "Plaintiff").

This motion is made on the grounds that the claims asserted against American do not present any genuine issue of material fact for trial and that American is entitled to judgment as a matter of law. The undisputed facts in this case establish American did not breach a duty of care to Mr. Phillips.

This Motion is based on this Notice, the Memorandum of Points and Authorities, the Proposed Statement of Uncontroverted Facts and Conclusions of Law, concurrently served as filed herein, on the Supporting Declaration of Todd C. Worthe, Esq. on the pleadings, the depositions and Exhibits submitted in support, the papers and records on file herewith, and on such matters of which the Court may take judicial notice, and on such argument or other matters as the Court may permit at the time of hearing.

This motion is made following the conference of counsel to the parties, pursuant to *Local Rules of the United States District Court for the Central District of California,* Rule 7-3, which took place on September 26, 2023.

DATED: September 27, 2023          **WORTHE HANSON & WORTHE**

By: */s/ Todd C. Worthe*
      TODD C. WORTHE, ESQ.
      Attorneys for Defendant
      American Airlines, Inc.

# TABLE OF CONTENTS

Memorandum Of Points And Authorities ................................................... 6

  Introduction And Summary Of Argument ........................................... 6

  Statement Of Facts And Relevant Procedural History ...................................... 7

  Argument ............................................................................ 10

    Point One ....................................................................... 10

    Point Two ....................................................................... 12

  Conclusion ........................................................................... 21

Certificate Of Compliance Pursuant To L.R. 11-6.2 ............................................. 22

AMERICAN AIRLINES, INC.'S MOTION FOR SUMMARY JUDGMENT

# TABLE OF AUTHORITITES

## CASES

*Air France v. Saks*, 470 U.S. 392 (1985) ........................................................... 15, 16

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ...................................... 10, 11

*Arizona v. United States*, 567 U.S. 387 (2012) ........................................................ 12

*Carey v. United Airlines*, 255 F.3d 1044 (9th Cir. 2001)................................... 13, 17

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .................................................. 10, 11

*Chase v. Wizmann*, 286 Cal.Rptr.3d 183 (App. 2 Dist. 2021) ................................. 20

*Chattopadhyay v. Aeroflot Russian Airlines*, 2011 WL 13220279 (C.D. Cal.
    August 17, 2011) ................................................................................................. 13

*City and County of San Francisco v. Purdue Pharma L.P.,* 2022 WL 3224463
    (N.D. Cal. August 10, 2022).................................................................................. 20

*Doe v. Etihad Airways, P.J.S.C.,* 870 F.3d 406 (6th Cir. 2017) ............................. 18

*El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155 119 S.Ct. 662, 142 L.Ed.2d 576
    (1999)....................................................................................................... 13, 14, 17

*Fadhliah v. Societe Air France*, 987 F. Supp. 2d 1057 (C.D. Cal. 2013 .............. 14

*Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997) ......................................... 10

*Friends of H St. v. City of Sacramento*, 20 Cal. App. 4th 152 (1993) ................... 20

*Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055 (9th Cir. 2012).................... 18

*Kempton v. City of Los Angeles*, 165 Cal. App. 4th 1344 (2008) .......................... 20

*Matsushita Electric Ind. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ... 11

*Nankin v. Cont'l Airlines, Inc.,* 2010 WL 342632, at *12-13 (C.D. Cal. Jan. 29,
    2010) ................................................................................................................... 13

*Narayanan v. British Airways*, 747 F.3d 1125 (9th Cir. 2014)............................... 12

*Paradis v. Ghana Airways, Ltd.*, 348 F.Supp.2d 106 (S.D.N.Y. 2004)................. 12

*Reid v. Covert*, 354 U.S. 1 (1957) ......................................................................... 12

*Smith v. Am. Airlines, Inc.,* 2009 WL 3072449, *3 (N.D. Cal. Sept. 22, 2009) .... 13

///

*T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626 (9th Cir. 1987) ........................................................................................................... 10, 11

*United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539 (9th Cir. 1989) ........................................................................................................................... 11

*Venuto v. Owens–Corning Fiberglas Corp.*, 22 Cal.App.3d 116 (1971) .............. 20

*Wang Laboratories, Inc. v. Mitsubishi Electronics America, Inc.,* 860 F. Supp. 1448 (C.D. Cal. 1993) ...................................................................................... 11

*Weiss v. El Al Israel Airlines*, 433 F.Supp.2d 361 (S.D.N.Y. 2006) ..................... 12

*Williams v. Los Angeles Ry. Co.,* 150 Cal. 592 P. 330, 331 (1907)........................ 20

**STATUTES**

Cal. Civ. Code §3479 ............................................................................................ 20

**RULES**

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 9, 10

Fed. R. Civ. P. 56 ............................................................................................... 6, 21

Fed. R. Civ. P. 56(a)......................................................................................... 10, 11

Fed. R. Civ. P. 56(c) ............................................................................................ 11

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant American Airlines, Inc. ("American") respectfully submits this Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 on the basis that an international treaty, the Convention for the Unification of Certain Rules for International Carriage by Air (the "Montreal Convention"), signed on May 28, 1999, and effective November 4, 2003, comprises Plaintiff Maurise Phillips' exclusive remedy and thus preempts his Complaint in its entirety, including all state-based causes of action. Plaintiff's claims for punitive damages, intentional infliction of emotional distress, and breach of contract were earlier dismissed and not re-plead in accordance with the Montreal Convention, therefore these causes of action were abandoned. This Motion seeks to dispose of the remaining causes of action, arising under state and common law, on the basis of preemption by the Montreal Convention. However, American also addresses the fatal inadequacies of each cause of action as they are plead, not to undermine the preemptive effect of the Montreal Convention, but to demonstrate the outright lack of merit the claims have in the first instance.

This litigation arises from an alleged incident in which plaintiff Maurise Phillips claims he was bitten by a pest commonly known as a "bed bug" during his September 16, 2019, international travel from Los Angeles, California to London, England, by way of Las Vegas, Nevada. His flight from the Los Angeles International Airport ("LAX") to Las Vegas ("LAS") was operated by American, while his flight from LAS to London-Gatwick ("LGW") was operated by co-defendant British Airways, PLC ("British Airways"). Mr. Phillips alleges a series of state-based causes of action against American and British Airways, including, (1) Battery; (2) Negligence; (3) Intentional Infliction of Emotional Distress; (4) Fraudulent Concealment; (5) Private Nuisance; (6) Public Nuisance; and (7) Breach of Contract. In earlier proceedings, American obtained the dismissal of Counts 3

and 7, as well as dismissal of Plaintiff's claim for recovery of punitive damages.

This Court has already correctly determined that the Montreal Convention applies to Plaintiff's claims. In addition, the Court properly found that any amendment to Plaintiff's Complaint to assert causes of action in a manner compliant with the Montreal Convention would be futile, as same is time-barred by the two-year statute of limitations under its Article 35. Because the Montreal Convention comprises Mr. Phillips' exclusive remedy, he must prove his case in accordance with applicable law. American now respectfully submits that there is no dispute of material fact, and that claims asserted against it are preempted, in their entirety, by the Montreal Convention. As a result, Plaintiff cannot prove his case, and summary judgment should be granted in American's favor on all remaining causes of action.

## STATEMENT OF FACTS AND RELEVANT PROCEDURAL HISTORY

1. This litigation arises from an incident which took place during an international transit by Plaintiff Maurise Phillips from LAX to LGW via LAS on September 16, 2019. *See, Complaint*, ECF Dkt. No. 1, Exhibit A.

2. Plaintiff's flight from LAX-LAS was AA1555, operated by American, scheduled to depart LAX at 1:00 p.m. and arrive LAS at 2:15 p.m. See Declaration of Todd C. Worthe, Esq. ("Worthe Decl."), Exhibit A, consisting of true copies of documents exchanged in discovery by Plaintiff Maurise Phillips. *See also,* Separate Statement of Uncontroverted Facts ("SSUF") at ¶1.

3. Information maintained by the Bureau of Transportation Statistics show that flight AA1555 arrived the gate in LAS at 2:24 p.m., eight minutes after scheduled arrival time, operating with an Airbus A321-231 aircraft registered N917AY, operated by American Airlines, Inc., with a duration of just over one hour. Worthe Decl., Exhibit B, consisting of a true copy of BTS Transportation Statistics for AA1555 on September 16, 2019. *See also,* SSUF at ¶2.

4. Plaintiff's flight from LAS-LGW was BA2276, operated by co-defendant British Airways, PLC, also marketed subject to a codeshare agreement

as Finnair flight AY5406. Worthe Decl., Exhibit C, consisting of a true copy of a document exchanged in discovery by Plaintiff Maurise Phillips, and Exhibit D, consisting of a true copy of a business record maintained by Cirium, an aviation analytics and database operator, for BA2276 on September 16, 2019. *See also,* SSUF at ¶3.

5.      BA2276 was scheduled to depart at 3:25 p.m. on September 16, 2019, and ultimately departed at 3:35 p.m., arriving at LGW at 9:18 a.m. the next morning, a flight of approximately ten (10) hours. Worthe Decl., Ex. D. *See also,* SSUF at ¶4.

6.      On September 16, 2019, BA2276 was flown by a Boeing 777-236/ER registered G-YMMS, operated by British Airways, PLC. Worthe Decl., Ex. D. *See also,* SSUF at ¶4.

7.      In his answers to American's Interrogatory No. 11, when prompted to describe the underlying incident, Plaintiff Maurise Phillips responded, in pertinent part:

> *Responding Party boarded a flight with American Airlines/British Airways to Europe. The duration of the flight was about 11 hours. After settling into his seat, Responding Party was offered a blanket, he laid it over himself. Shortly thereafter, Responding Party began itching his body intensely and noticed bedbugs on his arms. He went to the restroom only to find he had bites all over his body including but not limited to his arms, torso, lower back, legs, feet, and hands.*

Worthe Decl. Exhibit E, consisting of a true copy of a relevant excerpt of Plaintiff's verified response to Interrogatory No. 11. *See also,* SSUF at ¶5.

8.      Upon arrival in the United Kingdom, Plaintiff claims he destroyed the clothing he was wearing, visited a pharmacy to obtain ointment, and did not treat with a healthcare provider until September 27, 2019. Worthe Decl., Ex. J at 65:1-21, Ex. K. *See also,* SSUF at ¶¶6-7.

///

9. The underlying Complaint was filed on or about September 15, 2021 in the Superior Court of the State of California, for the County of Los Angeles. *See* Complaint, ECF Dkt. No. 1, Ex. A.

10. In the Complaint, Plaintiff Maurise Phillips asserted causes of action against American and BA for: 1) Battery; (2) Negligence; (3) Intentional Infliction of Emotional Distress; (4) Fraudulent Concealment; (5) Private Nuisance; (6) Public Nuisance; and (7) Breach of Contract. *Id.*

11. The matter was removed to this Honorable Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1446 on May 9, 2022. *See* ECF Dkt. No. 1.

12. On May 16, 2022 and July 15, 2022 American filed Motions to Dismiss the Complaint for failure to state a claim upon which relief could be granted, pursuant to Fed. R. Civ. P. 12(b)(6). ECF Dkt. No. 10, 25. These Motion sought dismissal of Plaintiff's claims for Intentional Infliction of Emotional Distress and Breach of Contract, as well as for Dismissal of Plaintiff's Prayer for Punitive Damages. American also sought the Court's determination that the Montreal Convention applies to Plaintiff's Complaint.

13. On September 21, 2022, the Court granted American's Motions in their entirety, and provided Plaintiff with the opportunity to amend the Complaint to state causes of action in compliance with the Court's Order, by October 5, 2022. *See* ECF Dkt. No. 32.

14. Plaintiff did not amend the Complaint as of the Court's deadline.

15. Accordingly, the remaining causes of action against American are for: (1) Battery; (2) Negligence; (4) Fraudulent Concealment; (5) Private Nuisance; and (6) Public Nuisance.

16. Plaintiff's claim for punitive damages is also extinguished.

17. Plaintiff's claim is presumptively governed by the Montreal Convention. SSUF at ¶¶1, 8, 11, 13.

18.     On May 24, 2023, the Court dismissed Plaintiff's Complaint as against
BA for failure to state a claim upon which relief could be granted, pursuant to Fed.
R. Civ. P. 12(b)(6).  *See* ECF Dkt. No. 43.  An appeal by Plaintiff to the Ninth
Circuit Court of Appeals ensued on June 23, 2023 (ECF Dkt. No. 48).

19.     A meet and confer with Plaintiff's counsel was completed on
September 26, 2023, in advance of filing this motion and in accordance with L.R.
7-3. Worthe Decl. at ¶13.

# ARGUMENT

## POINT ONE

## SUMMARY JUDGMENT FOR AMERICAN AIRLINES, INC. IS
## WARRANTED AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P.
## 56

"Summary judgment procedure is properly regarded not as a disfavored
procedural shortcut, but rather as an integral part of the Federal Rules as a whole,
which are designed to secure the just, speedy and inexpensive determination of
every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  Summary
judgment should be granted on all or part of a claim if "there is no genuine dispute
as to any material fact and the movant is entitled to judgment as a matter of law."
Fed. R. Civ. P. 56(a).  Summary judgment is appropriate under Rule 56 if the
moving party demonstrates the absence of a genuine issue of material fact and
entitlement to judgment as a matter of law. Celotex, 477 U.S. at 322. A fact is
material when, under the governing substantive law, it could affect the outcome of
the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v.
Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A dispute is genuine if a reasonable jury
could return a verdict for the nonmoving party. *Anderson, supra*, 477 U.S. at 248.
"Disputes over irrelevant or unnecessary facts will not preclude a grant of summary
judgment." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626,
630 (9th Cir. 1987). Once the moving party establishes the absence of genuine

issues of material fact, the burden shifts to the nonmoving party to show a genuine issue of disputed fact remains. *Celotex, supra*, 477 U.S. at 314. Once the burden has shifted, the nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." *Anderson, supra,* 477 U.S. at 256. The plaintiff "must set forth the facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(c). This entails presenting sufficient admissible evidence to support a favorable verdict on every element of any claim where Plaintiffs have the burden of proof at trial. *See Celotex, supra*, 477 U.S. at 322-23.

To meet this burden, a party opposing the motion must set forth specific facts, through affidavits or admissible discovery materials, showing there remains a genuine issue for trial. Id.; Fed. R. Civ. P. 56(c). The dispute must be genuine. The "opponent must do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Electric Ind. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). It should be noted that while "justifiable inferences" may be drawn on the evidence presented . . . those that can be drawn are not without limits. *T. W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n,* 809 F.2d 626, 632 (9th Cir. 1987)(internal citations omitted). Inferences must be based on specific facts and only "rational" and "reasonable" inferences may be drawn. *Id.; United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989). Upon finding no genuine dispute of material fact as to particular claims or defenses, the court may grant summary judgment as in the moving party's favor on "each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed. R. Civ. P. 56(a); *see Wang Laboratories, Inc. v. Mitsubishi Electronics America, Inc.,* 860 F. Supp. 1448, 1450 (C.D. Cal. 1993). For the reasons to follow, summary judgment in favor of American is appropriate given the facts at bar.

///

///

## POINT TWO

## THERE IS NO MATERIAL ISSUE OF FACT THAT THE MONTREAL CONVENTION PREEMPTS PLAINTIFF'S CLAIMS

### a. The Montreal Convention of 1999 Applies to International Carriage by Air

The Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 ("Montreal", or the "Montreal Convention") was ratified by the United States in 2003 and applies to personal injury claims arising from international air travel. Its predecessor, the Warsaw Convention, is essentially the same as those of the Montreal Convention, and courts will generally follow authority involving the Warsaw Convention. *See, e.g., Weiss v. El Al Israel Airlines*, 433 F.Supp.2d 361 (S.D.N.Y. 2006); *Paradis v. Ghana Airways, Ltd.*, 348 F.Supp.2d 106, 111 (S.D.N.Y. 2004). Treaties are generally considered to be the law of the United States and equivalent to statutes. *Reid v. Covert*, 354 U.S. 1, 18 (1957). The Montreal Convention is a self-executing treaty and is, therefore, equivalent to a "law or regulation of the United States." *See S. Exec. Rep.* 108-8 at 3, 6 (2003). It is a settled proposition that under the Constitution's Supremacy Clause (Art. VI, cl. 2), Congress has the power to preempt state law. *Arizona v. United States*, 567 U.S. 387, 399 (2012).

Article 29 of the Montreal Convention sets forth the scope of the treaty. "In the carriage of passengers, baggage and cargo, any action for damages, however founded, ***whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention*** ..." *See* Montreal Convention, Art. 29 (emphasis added). The Montreal Convention presumptively "governs 'all international carriage of persons, baggage or cargo performed by aircraft for reward,' [and] provides the exclusive remedy for international passengers seeking damages against airline carriers." *Narayanan v. British Airways*, 747 F.3d 1125, 1127 (9th Cir. 2014). *See also,*

*Nankin v. Cont'l Airlines, Inc.,* 2010 WL 342632, at \*12-13 (C.D. Cal. Jan. 29, 2010) ("The Montreal Convention, like the Warsaw Convention, will therefore bar any claim outside its terms for personal injury suffered on board an aircraft . . .") (a true copy of this unpublished opinion is annexed to the Worthe Decl. as Exhibit F); *Smith v. Am. Airlines, Inc.,* 2009 WL 3072449, \*3 (N.D. Cal. Sept. 22, 2009)(holding that the Warsaw Convention preempts all state law claims within its substantive scope)(a true copy of this unpublished opinion is annexed to the Worthe Decl. as Exhibit G).   The purpose of the Montreal Convention is to establish a unified system of liability rules regarding passenger claims for personal injury arising out of an accident, wrongful death, loss or damage to baggage, loss or damage to goods, and damages resulting from a transportation delay. Montreal Convention, *supra*, Arts. 17–19.3 The Montreal Convention establishes the conditions for such claims and sets limits on a claimant's recovery when the conditions are met.  *Id.* at Arts. 21–22.

Where a case is covered by the Convention, it can be advanced, if at all, only pursuant thereto: "[W]e hold that the Warsaw Convention precludes a passenger from maintaining an action for personal injury damages under local law when her claim does not satisfy the conditions for liability under the Convention." *Tseng, supra*, at 176. [R]ecovery for a personal injury suffered on board an aircraft … if not allowed under the Convention, is not allowed at all." Id. at 161. *See also Chattopadhyay v. Aeroflot Russian Airlines*, 2011 WL 13220279 (C.D. Cal. August 17, 2011) ("[T]he Convention is the exclusive mechanism for recovery for personal injuries suffered on board an aircraft or in the course of embarking or disembarking from an airplane."). A true copy of this unpublished opinion is annexed to the Worth Decl. as Exhibit H. The Convention's exclusivity under *Tseng* applies to allegations of intentional misconduct as well as negligence. *Carey v. United Airlines*, 255 F.3d 1044, 1048 (9th Cir. 2001). As set forth in Article 29, the preemptive scope covers actions in contract and tort.

While not explicitly conferring complete preemption on its face, the Montreal Convention's exclusivity provision is nevertheless so consistently upheld across our Federal judiciary to preempt state-based causes of action in cases arising out of international carriage, such that it can effectively function as completely preemptive. *See El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 169, 119 S.Ct. 662, 142 L.Ed.2d 576 (1999) (interpreting predecessor Warsaw Convention Treaty). This Court, consistent with others in this Circuit, has found the Montreal Convention's exclusivity and preemptive scope follow the United States Supreme Court's holding in *Tseng*. In *Fadhilah v. Societe Air France,* the Hon. Otis D. Wright, II, U.S.D.J., observed, "[s]everal considerations compel this Court to conclude that the preemptive force of the Montreal Convention is so strong that it transmutes Plaintiffs' facially state-law claims into federal ones under the complete-preemption doctrine." *Fadhliah v. Societe Air France*, 987 F. Supp. 2d 1057, 1062 (C.D. Cal. 2013). While relying heavily on *Tseng,* Judge Wright also took great care to divine the intentions of the authors of the Montreal Convention, with an analysis of the treaty's drafting history. *Id.* at 1063. In short, he concluded that new language in Article 29 ("in contract or in tort or otherwise") of the Montreal Convention only serves to bolster the Convention's preemptive effect, "once one establishes that an agreement relates to 'international carriage' under Article 1." *Id.* The drafters did not intend to create a carve-out in the Montreal Convention to permit garden-variety state law claims.

The gravamen of Mr. Phillips' Complaint is one of personal injury sustained during an international carriage by air, allegedly occasioned as a result of a bed bug bite. SSUF at ¶¶1, 5. As will be examined, Mr. Phillips cannot meet the burden of proof incident to his exclusive remedy, as this Court has already found, and so his entire Complaint is preempted by a Federal treaty and must be dismissed with prejudice.

///

**b. Plaintiff Cannot Satisfy the Prima Facie Elements for A Claim under Montreal or for Common Law Negligence or Battery**

As a condition precedent to recovery for injury arising from the international carriage of passengers by air, Article 17 of the Montreal Convention sets forth the following:

> The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

Montreal Convention, Art. 17. The key showing that a putative plaintiff must demonstrate that the alleged injuries are the result of an "accident . . . on board the aircraft" or while "embarking or disembarking." The Warsaw Convention defines "accident" as, "an unexpected or unusual event or happening that is external to the passenger." *Air France v. Saks*, 470 U.S. 392, 405 (1985). It further clarified this standard to mean, "when the injury indisputably results from the passenger's own internal reaction to the usual, normal, and expected operation of the aircraft, it has not been caused by an accident, and Article 17 ... cannot apply." *Id*. at 406.

To put it differently, to state a claim for personal injuries against an airline for carriage subject to the Montreal Convention, Mr. Phillips must establish, as a matter of law, that a compensable accident pursuant to Article 17 took place. *Saks* and its progeny make it clear: he must show his injury was caused by an accident, and this is his exclusive remedy. In the realm of hotel bed bug law, plaintiffs can frequently avail of a jury instruction on the doctrine of *res ipsa loquitur*, provided a showing can be made that the harm-causing instrumentality is known and undisputed. In aviation law, governed by international treaty, the standard is higher, and in the absence of any showing of causation beyond mere supposition, Plaintiff's claims should be disposed of summarily in favor of American.

Even if this Court determines that Mr. Phillips' claimed bed bug bite(s)

constitute an "unexpected" or "unusual" and "external" occurrence that led to a bodily injury, he must still prove, by a **preponderance of the evidence**, that some act or omission of the operating airline caused the bodily injury. *Saks, supra,* 470 U.S. at 398–99. In *Saks*, under the analogous provisions of the Warsaw Convention, the United States Supreme Court found that only an "accident", as defined by the Convention and its jurisprudence, could sustain a claim under Article 17. Specifically, the Court stated that the focus is on "an accident which caused the passenger's injury, and not to an accident which is the passenger's injury." *Saks*, 470 U.S. at 398–99 (emphasis in original). This is an essential element of the claim against an airline under the Montreal Convention, and Plaintiff cannot meet his burden of a preponderance of the evidence. Worse yet, Plaintiff proffers no evidence to create a causal nexus between either flight he took and his alleged bed bug bites, instead apparently pursuing a *res ipsa loquitur* theory of negligence made impossible to demonstrate given his admitted destruction of clothing he was wearing shortly after his transatlantic flight[1], and absence of any records pertaining to treatment sought until returning home, when he visited the Hollywood Clinic on September 27, 2019, a full eleven (11) days after departing on a trip around Europe. Worthe Decl., Ex. E. SSUF at ¶¶6-7.

Further, Plaintiff's Complaint misrepresents a demonstrable fact as to his travel; specifically, that he flew on one aircraft for his entire journey; that he did not deplane in LAS; and that he only had a 15-minute layover. *See* Complaint, ECF Dkt. No. 1, Exhibit A at ¶13. This allegation is plainly false, as documents submitted by Plaintiff himself, and business records attached hereto demonstrate that Mr. Phillips took two separate flights: one, AA1555 LAX-LAS operated by American, and a second, BA2279 LAS-LGW, operated by British Airways. *See*

---

[1] This voluntary destruction of critical evidence, while not dispositive due to chain of custody issues, may give rise to a basis for an adverse inference at time of trial.

Statement of Facts, ¶¶1-3, 5-8. *See also* SSUF at ¶¶2-5. Even a most basic inquiry would have revealed these critical facts pertaining to the legal cause of Mr. Phillips' alleged injuries. The impossibility of showing causation invalidates an element of a claim for personal injuries under either a basic negligence cause of action or, as preempted by the Montreal Convention, a claim for personal injuries arising under its Article 17.

Likewise, Mr. Phillips' common-law intentional tort claim of battery is preempted by the exclusive remedy provision of Article 29 of the Montreal Convention. To the extent Plaintiff claims personal injuries arising from the alleged battery, liability of the airline is exclusively governed by Article 17 of the Montreal Convention. The Ninth Circuit Court of Appeals has considered the issue and determined that allegations of intentional conduct also fall within the scope of the Warsaw Convention. *See Carey, supra,* 255 F.3d at 1049 (holding that if intentional torts were outside of the Convention, it would subject airlines to an additional source of liability, thereby frustrating the exclusivity of Warsaw). Like the negligence cause of action, however, even if it were not found to be preempted, which would fly in the face of *Carey,* Plaintiff cannot satisfy his burden by proving all elements of the claim; namely, the element of intent cannot be shown.

Finally, Plaintiff's responses to discovery suggest a component of his medical damages is psychological harm. These are not compensable under the Montreal Convention absent an accompanying accident-related injury. Any claims occasioned by stress or anxiety related to the alleged incident constitute a psychological injury, and the Warsaw Convention traditionally prohibited recovery for purely psychic or psychosomatic injury unaccompanied by bodily injury. *Tseng, supra* 525 U.S. at 164. In *Tseng,* a passenger sued an Israeli airline after she was subjected to an intrusive security search prior to a flight, alleging personal injuries, including psychological harm. *Id.* at 155. Justice Ginsburg, writing for the majority of the United States Supreme Court, found that the Warsaw Convention precluded

a passenger from maintaining an action for personal injury damages where the claims did not arise from an "accident" external to the passenger, and were purely psychosomatic in nature; thus not a "bodily" injury. *Id.* at 176. Subsequently, while other Circuits have found that a psychological injury can be compensable under the Montreal Convention if an "accident" occurs (*see Doe v. Etihad Airways, P.J.S.C.,* 870 F.3d 406, 434 (6th Cir. 2017)), no court has gone so far as to permit recovery of psychological injuries in the absence of an "accident." If Plaintiff cannot ***prove*** an accident occurred, then the claims for anxiety allegedly occasioned by the incident similarly cannot be advanced.

### c. Plaintiff's Claim for Fraudulent Concealment is Preempted, but also Fails

Fraudulent concealment is a common-law tort typically applied in a transactional context to toll a statute of limitations, as it requires the active withholding of material facts with intent to defraud or mislead another party. As applied in California, its elements are: "(1) the defendant took affirmative acts to mislead the plaintiff; (2) the plaintiff did not have actual or constructive knowledge of the facts giving rise to its claim; and (3) the plaintiff acted diligently in trying to uncover the facts giving rise to its claim." *Hexcel Corp. v. Ineos Polymers, Inc.,* 681 F.3d 1055, 1060 (9th Cir. 2012). Mr. Phillips attempts to graft this business tort onto what is fundamentally a claim for personal injuries arising from an international carriage by air, which falls into the exclusive remedy under Article 29 of the Montreal Convention. SSUF at ¶8. This tort claim is also preempted by the Montreal Convention, as allowing Plaintiff to recover damages for fraudulent concealment in a case based on personal injuries would frustrate the intent for uniformity of liability rules pertaining to international air travel under the Montreal Convention.

Moreover, Plaintiff can hardly satisfy the elements for fraudulent concealment in any event. There is no evidence that American engaged in any

conduct to mislead Mr. Phillips, starting with the fact that he is unable to allege with certainty the basic, verifiable facts of his litigation.    It stands to reason that if Plaintiff cannot even ascertain the identity of the operator of the allegedly offending flight, he is in no position to carry his burden of proof that the operator affirmatively concealed some facts to deceive him. SSUF at ¶¶9-10. Nor can he contend that there is any exercise of diligence in uncovering facts giving rise to the claim, as no credible evidence to support this cause of action has been advanced.    This claim fails because it is preempted, but in the alternative, should the Court find that it is not, Plaintiff cannot state a *prima facie* case as a matter of law and American is still entitled to a grant of summary judgment.

### d. Plaintiff's State-Based Claims for Nuisance are Preempted, but also Fail

Similarly, American should be granted summary judgment on the claims of public and private nuisance, which have no applicability or relevance to the matter at bar.  The claims of public and private nuisance are state-based causes of action, codified in the California Civil Code but inherently creatures of common-law property, which are squarely preempted by the exclusivity provisions of the Montreal Convention.

Even assuming *arguendo* that this Court were to find that the Montreal Convention does not expressly bar the foregoing causes of action, it is immediately apparent that Plaintiff cannot establish a *prima facie* case for either, because he cannot prove the essential elements of either tort. The California Civil Code defines public nuisance as, "[a]nything which is injurious to health, including, but not limited to, the illegal sale of controlled substances, or is indecent or offensive to the senses, or an obstruction to the **free use of property**, so as to interfere with the comfortable **enjoyment of life or property**, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street, or highway . . ." Cal. Civ. Code

§3479 (emphasis added).

Courts have found that the plaintiff must show, by a preponderance of evidence, that the defendant had knowledge that its unreasonable conduct caused substantial interference **with a right common to the public**. *See*, *City and County of San Francisco v. Purdue Pharma L.P.,* 2022 WL 3224463 (N.D. Cal. August 10, 2022) (emphasis added, a true copy of this unpublished opinion is annexed to the Worthe Decl. as Exhibit I). In other words, the claim for public nuisance is a property tort, whereby the allegedly offending contact creates unwarranted interference with one's use of *property*, as well as infringes on the public's right to access or use of thoroughfares (generally streets or highways). *See, e.g., Williams v. Los Angeles Ry. Co.,* 150 Cal. 592, 594, 89 P. 330, 331 (1907) (city streets); *Kempton v. City of Los Angeles*, 165 Cal. App. 4th 1344 (2008) (sidewalks); *Friends of H St. v. City of Sacramento*, 20 Cal. App. 4th 152 (1993), *as modified on denial of reh'g* (Nov. 18, 1993)(ingress and egress to a member of the public's property). In fact, American can find no instance in California jurisprudence sustaining a claim for public nuisance arising from an incident on board a commercial airliner.

To prevail on action for private nuisance, plaintiff must again prove three (3) elements: (1)   interference with plaintiff's use and enjoyment of **his or her property**; (2), invasion of plaintiff's interest in use and enjoyment of **land** must be substantial, i.e., that it causes plaintiff to suffer substantial actual damage; and (3), interference with protected interest must not only be substantial, but it must also be unreasonable, i.e., it must be of such nature, duration or amount as to constitute unreasonable interference with **use and enjoyment of land**. *Chase v. Wizmann*, 286 Cal.Rptr.3d 183 (App. 2 Dist. 2021)(emphasis added). The essence of a private nuisance is an interference with the use and enjoyment of land. *See Venuto v. Owens–Corning Fiberglas Corp.*, 22 Cal.App.3d 116 (1971), *quoting* Prosser on Torts (3d ed.) p. 611 and fn. 91 at p. 611. Typically, cases alleging private nuisance involve the unwarranted restriction by one of ingress and egress to another's land.

There is no precedent in the State of California where a plaintiff has prevailed in asserting a private nuisance claim against an airline for an incident occurring during a flight.

Turning to the facts at bar, setting aside preemption by the Montreal Convention of a facial state-law tort claim, both nuisance causes of action are nevertheless ripe for summary disposition in favor of American on the basis that Mr. Phillips has no property interest at stake. SSUF at ¶¶13-15. In the Complaint, there is no real property at issue, which comprises an essential element of both causes of action. The instrumentality of the alleged harm, such as it is, happens to be at least one of two commercial airliners in which Mr. Phillips has asserted no property interest, and there is no authority to support the notion that a ticket for international carriage by air creates a property right of any sort. Nor does this case involve the obstruction or frustration of public access to roadways. The alleged bed bug injury does not infringe upon Mr. Phillips' right to the use or enjoyment of his (or any) land, nor does it interfere with public access to sidewalks, streets, highways or other thoroughfares, as have been extensively examined by the Courts of the State of California. Whether seeking to assert a claim of public or private nuisance, Plaintiff's approach is indeed a novel, if misguided, strategy that ultimately yields no pathway to relief as a matter of law.

## CONCLUSION

American respectfully requests that the Court grant its Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56, and for any other such relief as the Court may deem appropriate and in the interests of justice.

DATED: September 27, 2023        **WORTHE HANSON & WORTHE**

By: */s/ Todd C. Worthe*
　　TODD C. WORTHE, ESQ.
　　Attorneys for Defendant
　　American Airlines, Inc.

21

## CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 11-6.2

The undersigned, counsel of record for Defendant, American Airlines, Inc., certifies that this brief contains 5,672 words, which complies with the word limit of L.R. 11-6.1.

DATED: September 27, 2023          **WORTHE HANSON & WORTHE**

By: */s/ Todd C. Worthe*
TODD C. WORTHE, ESQ.
Attorneys for Defendant
American Airlines, Inc.

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
                )ss
COUNTY OF ORANGE )

      I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action.  My business address is 1851 East First Street, Suite 860, Santa Ana, California 92705.

      On September 28, 2023, I served the foregoing document described as: **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON BEHALF OF AMERICAN AIRLINES, INC.; MEMORANDUM OF POINTS AND AUTHORITIES** on all interested parties in said action by:

☐    BY FACSIMILE TRANSMISSION from FAX No. (714)285-9700 to the FAX number(s) listed below.  The facsimile machine I used complied with Rule 2003(3) and no error was report by the machine.    Fax Number(s):

☐    BY PERSONAL SERVICE as follows: I caused such envelope to be delivered by hand to the offices of the addressee.

☒    BY THE E.C.F. SYSTEM as follows:

☒    BY ELECTRONIC SERVICE to the e-mail addresses stated on the attached Service List

☐    BY MAIL as follows:
        ☐    placing ☐ the original ☐ a true copy thereof in a sealed envelope addressed as stated on the ATTACHED MAILING LIST.
        ☐    I deposited such envelope in the mail at Santa Ana, California.  The envelope was mailed with postage thereon fully prepaid.
        ☐    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐    BY PRIORITY OVERNIGHT DELIVERY (**VIA FEDERAL EXPRESS**): I deposited such an envelope in a box or other facility regularly maintained by express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served as indicated on the attached Service List, at the office address as last given by that person on any document filed in the case and served o the party making service.

☐    STATE - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒    FEDERAL - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 28, 2023, at Santa Ana, California.

_____
LACY ROBERTS

WORTHE, HANSON & WORTHE
1851 EAST FIRST ST., SUITE 860
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

PROOF OF SERVICE

WORTHE, HANSON & WORTHE
1851 EAST FIRST ST., SUITE 860
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 285-9600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SERVICE LIST
*Maurise Phillips v. American Airlines, Inc.*
USDC Case No. 2:22-cv-03129-SSS (JPRx)

Ilan N. Rosen Janfaza, Esq.
Law Offices of Ilan N. Rosen Janfaza
9025 Wilshire Blvd., Ste. 304
Beverly Hills, CA 90211
E-Mails: ilan@hotelinjurylaw.com; litigation@hotelinjurylaw.com
Rannya Ibrahem -rannya@hotelinjurylaw.com
(310) 550-6000 Office
(310) 861-9000 Fax
**ATTORNEY FOR PLAINTIFF, MAURISE PHILLIPS**

Scott D. Cunningham, Esq.
Justin M. Schmidt, Esq.
Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, CA 90067-6010
E-Mails: scunningham@condonlaw.com; jschmidt@condonlaw.com
(310) 557-2030 Office
(310) 557-1299 Facsimile
**ATTORNEY FOR DEFENDANT, BRITISH AIRWAYS PLC**