WORTHE HANSON & WORTHE
A Law Corporation
1851 East First Street, Suite 860
Santa Ana, California 92705
Telephone (714) 285-9600
Facsimile (714) 285-9700
TODD C. WORTHE, ESQ., SBN 177452
GENE K. KASKIW, ESQ., SBN 351070
Tworthe@whwlawcorp.com
Gkaskiw@whwlawcorp.com

Attorneys for Defendant, AMERICAN AIRLINES, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURISE PHILLIPS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC., BRITISH AIRWAYS, PLC, and Does 1 through 20, Inclusive.<br><br>　　　　Defendants. | CASE NO: 2:22-cv-03129-SSS<br><br>**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON BEHALF OF AMERICAN AIRLINES, INC.** |

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Pursuant to Judge Sykes' Order of March 4, 2024, ECF Dkt. No. 70, Defendant American Airlines, Inc. ("American") respectfully submits this Supplemental Memorandum of Points and Authorities in further support of its Motion for Summary Judgment. This Memorandum focuses on the applicability of the Montreal Convention to all segments of a passenger's international journey, as set forth in its Article 1 (Scope of Application) and case law examining both the Montreal Convention and its predecessor, the Warsaw Convention. At the outset, American notes that Plaintiff has already conceded the applicability and preemptive effect of the Montreal Convention to the claims asserted herein. The

1

Court should not contemplate deviation from this position. Moreover, in certified discovery responses, as Your Honor has correctly noted, Plaintiff stated that the alleged bed bug infestation occurred on his flight from Las Vegas to London, *which was not operated by American.* For all of the reasons to follow, American respectfully asks this Court to grant its Motion, because Plaintiff at no point has advanced a triable issue of fact sufficient to preclude judgment to this end.

## ARGUMENT

## POINT ONE

## THE MONTREAL CONVENTION APPLIES TO PLAINTIFF'S COMPLETE JOURNEY FROM LOS ANGELES TO LONDON

As set forth in American's moving papers, the purpose of the Montreal Convention is to streamline and synchronize the various, and often disparate, regimes of law that can be invoked during the course of international airline travel. In furtherance of this objective, Montreal Convention is expressly contemplated to be the traveler's exclusive remedy for claims for damages flowing from international travel by air. The question posed by the Court is whether, in cases of multiple segments along a passenger's journey, the Montreal Convention applies to all "legs", including those that are entirely domestic along the same itinerary. American respectfully submits that question can be answered in the affirmative.

First, with respect to the factual basis applicable here, Plaintiff's certified discovery responses, as confirmed by American's internal recordkeeping also produced in discovery, unquestionably establish that Plaintiff Maurise Phillips' reservation was a single ticket, booked in a single transaction, for a roundtrip flight originating in Los Angeles and terminating in London, with a connection in Las Vegas on the outbound flight on September 16, 2019, and a connection in Phoenix on his return from London on September 23, 2019. At deposition, Plaintiff Maurise Phillips testified that the reasons for his travel were to visit London for a vacation and to see a friend. *See* Maurise Phillips Deposition Transcript, pp. 42 at 1-8. There

2

AMERICAN AIRLINES, INC.'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES
IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

can be no doubt that Mr. Phillips had an express purpose of traveling from Los Angeles to London, as part of a complete journey.

Article 1, Sections 2-3 of the Montreal Convention, entitled Scope of Application, expressly contemplate exactly this scenario:

> 2. For the purposes of this Convention, the expression international carriage means any carriage in which, **according to the agreement between the parties, the place of departure and the place of destination, whether or not there be a break in the carriage or a transhipment, are situated either within the territories of two States Parties**, or within the territory of a single State Party if there is an agreed stopping place within the territory of another State, even if that State is not a State Party. Carriage between two points within the territory of a single State Party without an agreed stopping place within the territory of another State is not international carriage for the purposes of this Convention.
>
> 3. Carriage to be performed by several successive carriers is deemed, for the purposes of this Convention, to be one undivided carriage if it has been regarded by the parties as a single operation, whether it had been agreed upon under the form of a single contract or of a series of contracts, **and it does not lose its international character merely because one contract or a series of contracts is to be performed entirely within the territory of the same State**.

Montreal Convention, Art. 1 (emphasis added). Here, the place of departure (Los Angeles) and the place of destination (London), are in two countries, and, consistent with the agreement between the parties—the ticket—his carriage broke in two places, Las Vegas on the outbound, Phoenix on the return. The Court need not even reach the question of whether multiple contracts are at play, because it is a single ticket. The Montreal Convention thus applies to the entire journey.

3

AMERICAN AIRLINES, INC.'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES
IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

This proposition has ample support in controlling case law, as well. For instance, in one case involving the deaths of two passengers on a domestic flight in Indonesia, the Ninth Circuit was called upon to determine whether the Warsaw Convention[1] (Montreal's predecessor) applied to the claims asserted by the estates of passengers killed in the crash. *See Coyle v. P.T. Garuda Indonesia*, 363 F.3d 979 (9th Cir. 2004). The salient facts are as follows: a husband and wife booked a multi-segment journey from a travel agent on a single ticket from Portland, Oregon to Singapore, with intermediate stops in Seattle, Taipei and Jakarta. While in Jakarta, the couple booked a separate, open-ended ticket on a domestic flight on an Indonesian airline, which unfortunately crashed into a mountain, killing all aboard. *Id.* at 982. The airline, in that case, sought a sweeping determination that Warsaw Convention did not apply at all, given that the accident flight was domestic in nature.

The Ninth Circuit declined to make such a broad proclamation, and instead set forth a methodology for evaluating the applicability of the Warsaw Convention to each claim, starting with the, "objective manifestations of the parties' intent expressed by the ticket[]. . ." *Id.* at 987. Adopting a similar approach advanced by the Second Circuit, it looked to the "objective facts of ticketing", such as whether the flight coupons were issued sequentially, or the time and place of payment. *Id.* at 988. *See also, McLoughlin v. Commercial Airways (Pty) Ltd.*, 602 F.Supp. 29, 33 (E.D.N.Y.1985) (finding that even wholly-domestic legs may fall within the Convention if part of an international journey). Turning to the passengers in *Coyle*, the Ninth Circuit found that the objective facts of their ticketing; to wit, that the tickets of the accident flight were purchased separately, two months after the international journey, in the local currency, by a local agency, fell short of the requisite international character for the Warsaw Convention's scope. *Id.* at 993.

---

[1] The Warsaw Convention, enacted in 1934 and still in force where not superseded by the Montreal Convention, in its Article 1, sections 2-3, contains virtually identical language to the cited provisions of Montreal.

4

1  "Where the terms of the contract are unambiguous, the court need not and should
2  not look beyond [them] in determining the parties' objective intentions." *Id.* at 987.
3      *Coyle* has been cited with approval in the Ninth Circuit since publication. *See,*
4  *e.g., Cattaneo v. American Airlines, Inc.* 2015 WL 5610017 (N.D. Cal., Sept. 24,
5  2015, No. 15-CV-01748-BLF), at *2 (finding the Montreal Convention applied
6  where a passenger was injured on a domestic flight segment of an international
7  journey); *cf. Lin Zhang v. Air China Ltd.,* 866 F.Supp.2d 1162, 1168 (N.D. Cal.
8  2012) (finding that the Montreal Convention did not apply where the clear evidence
9  showed the domestic segment within China was purchased separately, on a different
10 ticket, from the plaintiff's international journey). The Court should not from this
11 well-settled doctrine in the Ninth Circuit.
12     American respectfully suggests that the objective indicia herein is
13 unambiguous in favor of finding that all segments of his journey fall within the
14 Montreal Convention's ambit. Mr. Phillips purchased a single, roundtrip ticket from
15 Los Angeles to London, at one time, consistent with the sworn testimony of his intent
16 to visit London. Any suggestion otherwise is at odds with the reality of this case.
17 For the foregoing reasons, the Court should not disturb Plaintiff's concession that
18 the Montreal Convention governs and preempts his claim to find there is no issue of
19 material fact precluding American's Motion for Summary Judgment.

## CONCLUSION

21     American respectfully requests that the Court grant its Motion for Summary
22 Judgment, pursuant to Fed. R. Civ. P. 56, and for any other such relief as the Court
23 may deem appropriate and in the interests of justice.

24 DATED: March 8, 2024            **WORTHE HANSON & WORTHE**

25                                 By: */s/ Gene K. Kaskiw*
26                                 TODD C. WORTHE, ESQ.
                                   GENE K. KASKIW, ESQ.
27                                 Attorneys for American Airlines, Inc.

28

# PROOF OF SERVICE

STATE OF CALIFORNIA )
                            ) ss
COUNTY OF ORANGE )

       I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1851 East First Street, Suite 860, Santa Ana, California 92705.

       On March 8, 2024, I served the foregoing document described as: **SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON BEHALF OF AMERICAN AIRLINES, INC.** on all interested parties in said action by:

☐     BY FACSIMILE TRANSMISSION from FAX No. (714)285-9700 to the FAX number(s) listed below. The facsimile machine I used complied with Rule 2003(3) and no error was report by the machine. Fax Number(s):

☐     BY PERSONAL SERVICE as follows: I caused such envelope to be delivered by hand to the offices of the addressee.

☒     BY THE E.C.F. SYSTEM as follows:

☐     BY ELECTRONIC SERVICE to the e-mail addresses stated on the attached Service List

☐     BY MAIL as follows:
         ☐ placing ☐ the original ☐ a true copy thereof in a sealed envelope addressed as stated on the ATTACHED MAILING LIST.
         ☐ I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.
         ☐ I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐     BY PRIORITY OVERNIGHT DELIVERY (**VIA FEDERAL EXPRESS**): I deposited such an envelope in a box or other facility regularly maintained by express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served as indicated on the attached Service List, at the office address as last given by that person on any document filed in the case and served o the party making service.

☐     STATE - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒     FEDERAL - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 8, 2024, at Santa Ana, California.

_____
GINA M. FISHER

## SERVICE LIST
*Maurise Phillips v. American Airlines, Inc.*
USDC Case No. 2:22-cv-03129-SSS (JPRx)

Ilan N. Rosen Janfaza, Esq.
Law Offices of Ilan N. Rosen Janfaza
9025 Wilshire Blvd., Ste. 304
Beverly Hills, CA 90211
E-Mails: ilan@hotelinjurylaw.com; litigation@hotelinjurylaw.com
Rannya Ibrahem -rannya@hotelinjurylaw.com
(310) 550-6000 Office
(310) 861-9000 Fax
**ATTORNEY FOR PLAINTIFF, MAURISE PHILLIPS**

Scott D. Cunningham, Esq.
Justin M. Schmidt, Esq.
Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, CA 90067-6010
E-Mails: scunningham@condonlaw.com; jschmidt@condonlaw.com
(310) 557-2030 Office
(310) 557-1299 Facsimile
**ATTORNEY FOR DEFENDANT, BRITISH AIRWAYS PLC**