UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURISE PHILLIPS,<br><br>           Plaintiff,<br><br>    v.<br><br>AMERICAN AIRLINES, INC., et al.<br><br>           Defendant. | Case No. 2:22-cv-03129-SSS-JPRx<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. 52]** |

Before the Court is Defendant American Airlines, Inc.'s ("American") motion for summary judgment (the "Motion") as to Plaintiff Maurise Phillips' ("Phillips") Complaint. [Dkt. 52]. This matter is fully briefed and ripe for review. [Dkt. 56; Dkt. 57; Dkt. 58]. In accordance with the opinion below, the Court **GRANTS IN PART AND DENIES IN PART** the Motion.

**I.    BACKGROUND**

On September 16, 2019, Phillips claims he was bitten by bed bugs on a plane while traveling from Los Angeles International Airport ("LAX") to London-Gatwick Airport ("LGW"). [Dkt. 54 at 2]. Phillips' journey was not on a "non-stop" flight. Rather, Phillips flew the first leg of his journey, operated by American, from LAX to Las Vegas-McCarran International Airport ("LAS"),

and then flew the second leg, operated by British Airways ("BA"), from LAS to LGW. [Dkt. 54 at 2]. Phillips' flight from LAS to LGW was "marketed subject to a codeshare agreement as Finnair flight AY5306," and it took off at 3:25 P.M. on September 16, 2019. *Id.* at 2–3. Phillips' flight landed at LGW approximately ten hours later at 9:17 AM on September 17, 2019. *Id*. Phillips claims, "about five hours" into his flight, he was bitten by bed bugs. [Dkt. 52-11 at 8].

## II. PROCEDURAL BACKGROUND

On May 9, 2022, American removed this action to federal court. [Dkt. 1]. Phillips' Complaint asserts claims for (1) battery, (2) negligence, (3) intentional infliction of emotional distress, (4) fraudulent concealment, (5) private nuisance, (6) public nuisance, and (7) breach of contract. [Dkt. 1-1]. All of Phillips' claims arise out of Phillips' injuries sustained because of the bed bug bites. *Id*.

On September 21, 2022, the Court granted American's motion to dismiss. [Dkt. 32]. In its motion to dismiss, American argued (1) Phillips' claims are preempted by the Montreal Convention, and (2) Phillips' claims for intentional infliction of emotion distress, breach of contract, punitive damages, and attorney's fees fail as a matter of law. [Dkt. 10; Dkt. 25]. As Phillips failed to file an amended complaint, all that remains are Plaintiff's claims for battery, negligence, fraudulent concealment, private nuisance, and public nuisance. [Dkt. 1].

## III. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue as to any material fact, so that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A factual issue is 'genuine' when there is sufficient evidence such that a reasonable trier of fact could resolve the issue in the non-movant's favor, and an issue is 'material' when its resolution might affect the outcome of the suit

under the governing law." *Headlands Reserve, LLC v. Ctr. for Nat. Lands Mgmt.*, 523 F. Supp. 2d 1113, 1122-23 (C.D. Cal. 2007).

The moving party has the initial burden of informing the court of the basis for its motion and identifying the portions of the pleadings and the record that it believes demonstrate the absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof at trial, the moving party need not produce evidence negating or disproving every essential element of the non-moving party's case. *Id*. at 325. Instead, the moving party need only prove there is an absence of evidence to support the nonmoving party's case. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). If the moving party sustains its burden, the non-moving party must then show that there is a genuine issue of material fact that must be resolved at trial. *Celotex*, 477 U.S. at 324.

When deciding a motion for summary judgment, the court construes the evidence in the light most favorable to the non-moving party. *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991). The court does not make credibility determinations, nor does it weigh conflicting evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc*., 504 U.S. 451, 456 (1992).

## IV.  DISCUSSION

American argues (1) the Montreal Convention preempts Phillips' claims, and (2) Phillips cannot satisfy the required elements for a claim under the Montreal Convention. [Dkt. 52 at 14–18]. The Parties agree that the Montreal Convention applies. [Dkt. 52; Dkt. 57 at 4]. The Court will discuss each argument in turn.

### A.    Preemption

American argues Phillips' claims are preempted by the Montreal Convention because Phillips' Complaint arises out of personal injury sustained

during an international carriage by air. [Dkt. 52 at 14]. As discussed below, the Court finds Phillips' claims are preempted by the Montreal Convention.

The Montreal Convention "provides the exclusive remedy for international passengers seeking damages against airline carriers." *Narayanan v. British Airways*, 747 F.3d 1124, 1127 (9th Cir. 2014). Article 17(1) of the Montreal Convention ("Article 17(1)") states a carrier is "liable for damages sustained in the case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." Thus, there are three elements to an Article 17 claim: (1) "an accident; (2) that caused the passenger's injuries; and (3) the accident occurred while on board the aircraft or in the course of embarking or disembarking the aircraft." *Dizon v. Asiana Airlines, Inc.*, 240 F. Supp. 3d 1036, 1041 (C.D. Cal. 2017) (citing *E. Airlines, Inc. v. Floyd*, 499 U.S. 530, 35–36 (1991)). Under Article 17(1), an accident is an unexpected or unusual event or happening that is external to the passenger. *Phifer v. Icelandair*, 652 F.3d 1222, 1223 (9th Cir. 2011).

Importantly, a plaintiff's state law claims arising out of personal injury sustained during an international carriage by air are barred if the plaintiff cannot establish the conditions for liability under the Montreal Convention. *Dizon*, 240 F. Supp. 3d at 1047 (citing *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 176 (1999)).

Here, Phillips concedes his claims are preempted by the Montreal Convention and asks this Court to construe his Complaint as stating claims under the Montreal Convention. [Dkt. 57 at 2]. As such, the Court finds the Montreal Convention preempts Phillips' remaining causes of action. *See QBE Ins. (Intern.), Ltd. v. EVA Airways Corp.*, 943 F. Supp. 2d 1022, 1024 (N.D. Cal. 2013) (applying the Montreal Convention where the parties agreed the Montreal Convention constituted the exclusive remedy for the plaintiff's

claims); *see also Alllianz Global Corporate & Speciality v. EMO Trans California, Inc.*, No. 09-C-4893 MHP, 2010 WL 2594360, at *2 (N.D. Cal. June 22, 2010) (citing *Kruger v. United Airlines, Inc.*, 481 F. Supp. 2d 1049, 1061 (9th Cir. 2008)). Thus, the Court **GRANTS** American's Motion as to whether the Montreal Convention preempts Phillips' state law claims.

### B.     The Requirements of the Montreal Convention

American next argues summary judgment is proper because Phillips cannot satisfy the required elements for a claim under the Montreal Convention. As discussed above, to succeed on an Article 17 claim under the Montreal Convention, a plaintiff must show: (1) "there has been an accident; (2) that caused the passenger's injuries; and (3) the accident occurred while on board the aircraft or in the course of embarking or disembarking the aircraft." *Dizon,* 240 F. Supp. 3d at 1041. In addition to the above elements, American must also have been the carrier, within the meaning of the Montreal Convention, of Phillips when the accident occurred. *See Ramirez v. United Airlines, Inc.*, 426 F. Supp. 2d 972, 796 (N.D. Cal. 2005) (noting "as a threshold matter, plaintiff must demonstrate that United was in fact 'the carrier'").

As Phillips bears the burden of establishing liability under the Montreal Convention at trial, American can meet its initial burden on summary judgment by (1) presenting evidence *negating* an essential element of Phillips' claim or defenses or (2) by "showing" Phillips does not have enough evidence of an essential element of his claim to carry his burden at trial. *Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Here, American argues Phillips lacks sufficient evidence to establish the causation element of a claim under the Montreal Convention.[1] [Dkt. 52 at 15–

---

[1] The Court notes American's Motion is predicated on the notion that Phillips must show "some act or omission" of American caused Phillips' injury. [Dkt.

-5-

16 (arguing Phillips cannot avail himself of a *res ipsa loquitur* type argument under the Montreal Convention).[2] As American argues Phillips has insufficient evidence to support his claim, American must "show" the lack of such evidence to meet its initial burden. [Dkt. 52 at 15–16]. In *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000), the Ninth Circuit stated, "a moving defendant may shift the burden of producing evidence to the nonmoving plaintiff merely by 'showing'–that is, point out through argument–the absence of evidence to support plaintiff's claim." However, when a movant endeavors to show the lack of evidence through argument, the argument cannot be conclusory, and it must be supported by summary judgment type evidence. *See*

---

52 at 16]. However, because the case American relies on, *Air France v. Saks*, and many others in this circuit say nothing of such a requirement, the Court finds this interpretation of the Montreal Convention suspect. *See e.g.*, *Air France v. Saks*, 470 U.S. 392, 398–99 (1985) (explaining an accident must cause the claimant's injury not that an airlines' conduct must have caused the accident); *Kruger*, 481 F. Supp. 2d at 1009–10; Charles C. Krause, 1 *Aviation Tort and Reg. Law* § 12:23 (Apr. 2023); *Saks*, 470 U.S. at 405 (citing favorably *Evangelinos v. Trans World Airlines, Inc.*, 550 F.2d 152 (3rd Cir. 1977) (treating a terrorist attack on passengers as an accident under the Warsaw Convention); *Day v. Trans World Airlines, Inc.*, 528 F.2d 31 (2nd Cir)). American fails to explain to the Court what law supports its argument that an act or omission of American must have caused Phillips' injury, and, as such, this would be an equally viable ground from which to find American failed to carry its ultimate burden of persuasion. However, the Court need not reach this issue because, as discussed further in the opinion, even assuming *arguendo* that American's statement of the law is correct, American's Motion is still deficient and fails.

[2] The doctrine of *res ipsa loquitur* can be defined as: "[w]hen a thing which causes injury, without fault of the injured person, is shown to be under the exclusive control of the defendant, and the injury is such as, in the regular course of things, does not occur if the one having control uses proper care, then the injury arose from defendant's want of care." *Stoddard v. Ling-Temco-Vought, Inc.*, 513 F. Supp. 3d 314, 321 (C.D. Cal. 1980) (citing M. Shain, *Res Ipsa Loquitur Presumptions and Burden of Proof* (1945)).

*Celotex*, 477 U.S. at 328 (J. White concurring) (finding a conclusory statement that a party has no evidence is insufficient to support summary judgment); *Brooks v. U.S.*, No. 98-cv-1341 VRW, 1999 WL 300645, at 1 (N.D. Cal. May 10, 1999) (noting "the lack of evidence must be demonstrated"); *see also* Judge Karen L. Stevenson and Judge James E. Fitzgerald*, Federal Civil Procedure Before Trial* 14:136 (The Rutter Group Apr. 2024) (citing *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268. 273 (8th Cir. 1988); *Russ v. Int'l Paper Co.*, 943 F.2d 589, 592 (5th Cir. 1991)).

  Put more directly, to "show" a lack of evidence, the movant must, at a minimum, point to evidence in which the alleged absence can be identified. *See Abad v. Gen. Nutrition Ctrs., Inc.*, No. 09-cv-00190-JVS (RNBx), 2013 WL 4038617, at *5 (C.D. Cal. Mar. 7, 2013) (quoting *Celotex*, 477 U.S. at 323); *see also Celotex,* 477 U.S. at 320 & 323 (stating " respondent had failed to identify, in answering interrogatories specifically requesting such information, any witnesses who could testify about the decedent's exposure to petitioner's asbestos products"); *Nissan Fire*, 210 F.3d at 1105–06 ("In a typical case, … to carry its initial burden of production by pointing to the absence of evidence … the [movant] will have made reasonable efforts, using the normal tools of discovery of discovery"); *Id*. (citing *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) ("noting that a moving party must 'point to materials on file which demonstrate that a party will not be able to meet that burden'"). Importantly, where a moving party fails to meet its burden of production, the nonmoving party has no obligation to produce anything. *Id*. at 1102–03.

  Here, American cites only two pieces of evidence, (1) Exhibit E to the declaration of Todd C. Worthe (the "Worthe Declaration"), and (2) facts six and seven from its separate statement of uncontroverted facts, in support of its argument that Phillips has insufficient evidence of causation. [Dkt. 52 at 16].

For the reasons set out below, only fact 7 is sufficient to meet American's burden of production.

First, Exhibit E is a 30-page copy of Phillips' responses to American's interrogatories, and American fails to direct this Court to the relevant portion of Exhibit E that supports its argument. [Dkt. 52-6]. As such, because American fails to direct this Court to the relevant portion of Exhibit E, American's blanket citation to Exhibit E is insufficient to meet its burden of production. *See Forsberg v. Pac. N.w. Tele. Comp.*, 850 F.2d. 1409, 1418 (9th Cir. 1988) (stating "[t]he district judge is not required to comb the record to find some reason to deny a motion for summary judgment"). Second, as to fact six, American cites page 65, lines 1 through 21, of Exhibit J to the Worthe Declaration as evidence establishing fact six. However, American failed to provide the Court page 65 in Exhibit J. Thus, fact 6 is unsupported, and the Court need not credit it. *See Sansone v. Lopez*, No. 1:07-cv-01086-OWW-SMS PC, 2008 WL 1788383, at *2 (E.D. Cal. Apr. 28, 2008) (recommending denying summary judgment where plaintiff's undisputed facts were not supported by the evidence), *report and recommendation adopted*, No. 1:07-cv-01086-OWW-SMS PC, 2008 WL 2477617, at *1 (E.D. Cal. June 16, 2008).

As for fact 7, it reads "Plaintiff did not seek treatment until eleven [] days after his alleged bed bug exposure." [Dkt. 54 at 4]. Phillips does not dispute this fact. [Dkt. 56 at 3–4]. This is sufficient to meet American's burden of production. However, after review of American's argument, the Court finds American fails to adequately explain how the 11-day delay in seeking medical attention shows, or is even moderately probative of, Phillips' lack of evidence regarding causation. [Dkt. 52 at 15–16]. While the Court could think of a variety of arguments for American, the Court declines to do so here and finds American fails to meet its ultimate burden of persuasion. *See, e.g., Garrott v. King Cnty. Office of Pub. Def.*, No. 07-c-1013-JCC, 2008 WL 2230707, at *1

(W.D. Wash. May 29, 2008) (denying summary judgment where plaintiff failed to explain how he established any element of his claim); *Nissan Fire*, 210 F.3d at 1102–03 (noting a moving party without the ultimate burden of persuasion has both the initial burden of production and the burden of persuasion on a motion for summary judgment); *see generally Exoto, Inc. v. Sunrich Comp.*, LLC, No. 2:21-cv-03754-MEMF-JEMx, 2022 WL 17181787, at *6–7 (C.D. Cal. Nov. 22, 2022) (finding movant carry its burden of production in establishing an absence of evidence where the movant provided the court an admission from the non-movant stating it had no evidence to establish a theory of alter ego liability).

As such, the Court **DENIES** American's Motion as to the ability of Phillips to maintain a claim under the Montreal Convention.

## V.  CONCLUSION

In accordance with the above, the Court finds as follows:

- American's Motion is **GRANTED** as to whether the Montreal Convention preempts Phillips' remaining state law claims;
- American's Motion is **DENIED** as to whether Phillips can prevail on a claim under the Montreal Convention.

**IT IS SO ORDERED.**

DATED: May 14, 2024

SUNSHINE S. SYKES
United States District Judge